# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOVAN COOPER, #K58636, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00757-SMY |
| C/O SCANLAN, C/O ROYSTER, C/O J. MORRIS, C/O FITZGERALD, and C/O FREEMAN, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jovan Cooper, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff claims he was the victim of a racially motivated assault by five correctional officers at Menard Correctional Center ("Menard") in January 2018. (Doc. 1, pp. 6, 8-9). His also claims his property was stolen the same month. (*Id*. at p. 8). Plaintiff seeks release on parole. (*Id*. at p. 7).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: Sometime in January 2018, Plaintiff was beaten by Officers Scanlan, Royster, Morris, Fitzgerald, and Freeman while he was cuffed to a steel or iron gate in Menard's sick call area. (Doc. 1, pp. 6, 8-9). As the officers assaulted Plaintiff, they used racial slurs against him. (*Id*. at pp. 6, 8). One of the officers (Officer Royster) harassed Plaintiff twice the same week by turning the water in his cell on and off. (*Id*. at p. 9). Plaintiff's personal property was also stolen. (*Id*. at p. 8).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* Complaint into the following Counts:

> **Count 1:** Eighth Amendment excessive force claim against Defendants Scanlan, Royster, Morris, Fitzgerald, and Freeman.
>
> **Count 2:** Fourteenth Amendment equal protection claim against Defendants Scanlan, Royster, Morris, Fitzgerald, and Freeman.
>
> **Count 3:** Fourteenth Amendment claim for deprivation of property without due process of law against Defendants Scanlan, Royster, Morris, Fitzgerald, and Freeman.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

### Count 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). To state an excessive force claim, an inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Plaintiff sets forth sufficient allegations to state an excessive force claim against all five defendants who allegedly beat him while he was restrained in January 2018. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Therefore, Count 1 will receive further review against Defendants.

**Count 2**

The Complaint also states a viable Fourteenth Amendment equal protection claim against the officers. (Doc. 1, p. 7). Although racial slurs alone may not state a claim for a constitutional deprivation, as the Seventh Circuit Court of Appeals explains that "[t]his does not mean . . . the use of racially derogatory language is without legal significance. Such language is strong evidence of racial animus, an essential element of an equal protection claim." *DeWalt v. Carter*, 224 F.3d 607, 612 n.3 (7th Cir. 2000). Defendants' alleged use of racial slurs while subjecting Plaintiff to excessive force supports an equal protection claim at this stage. Count 2 will also receive further review against Defendants.

**Count 3**

The Fourteenth Amendment Due Process Clause prohibits deprivations of property without due process of law. U.S. CONST. amend XIV. However, if the state provides an adequate remedy, a plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999). Count 3 will therefore be dismissed without prejudice to any action Plaintiff wishes to pursue in the Illinois Court of Claims.

## Request for Relief

Money damages and injunctive relief are available remedies under § 1983. Parole and release from confinement are not. Therefore, Plaintiff cannot pursue his request for parole in this case.[2] (Doc. 1, p. 7). Because this is the only relief he seeks, it is unclear if Plaintiff intends to proceed with his § 1983 claims.

Accordingly, Plaintiff must decide whether he will pursue money damages and/or injunctive relief within thirty (30) days. On or before **January 10, 2020**, Plaintiff is **ORDERED** to advise the Court in writing whether he would like to request money damages and/or injunctive relief. He is **WARNED** that failure to notify the Court of his intentions by this deadline may result in dismissal of this action for failure to comply with a court order and/or failure to prosecute his claims. FED. R. CIV. P. 41(a).

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives preliminary review under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will proceed against **ALL DEFENDANTS**. **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

With respect to **COUNTS 1** and **2,** the Clerk of Court shall prepare for Defendants **SCANLAN, ROYSTER, MORRIS, FITZGERALD,** and **FREEMAN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk

---

[2] Plaintiff may challenge the fact or duration of his confinement by filing a petition for writ of habeas corpus in state or federal court. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). This order does not preclude him from doing so. However, he cannot obtain release on parole in this § 1983 case.

within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. §§ 1915(f)(1), (2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 9, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**