DEFENDANTS'
EXHIBIT
B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JOVAN COOPER, #K58636, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00757-RJD |
| | ) | |
| SCANLAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF DAVE WHITE

Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury, that I have personal knowledge of the facts and matter discussed in this declaration, and, if called as a witness, that I am competent to testify and would state as follows:

1. I am currently employed as a member of the Office of Inmate Issues for the Illinois Department of Corrections ("IDOC), otherwise known as the Administrative Review Board ("ARB"). I have been employed as a Chairperson of the ARB since November 2016, and have been employed by IDOC in various capacities since May 2015. My duties involve, among other things, reviewing and responding to grievances by IDOC inmates. In performing my duties as a Chairperson, I maintain a thorough knowledge of the operations and records keeping of the ARB, which reviews grievances field by IDOC inmates in the manner set forth herein.

2. Inmates incarcerated within the Department may file grievances in accordance with Department Rule 504F, Grievance Procedures for Committed Persons.  As of April 1, 2017, inmates must file an original grievance with their Counselor, rather than just discussing the issue with their counselor informally.  If the grieved issue remains unresolved, the inmate may submit that same original written grievance form with the

Counselor's response to the facility Grievance Officer designated by the Chief Administrative Officer ("CAO") within sixty days of the incident or becoming aware of the incident.  The Grievance Officer may personally interview the inmate and/or witnesses as deemed appropriate and obtain relevant documents to determine the merits of the inmate's grievance.  Upon completion of such investigation, the Grievance Officer's conclusions and if appropriate, recommended relief is forwarded to the CAO. The CAO's or CAO's designee's decision is then submitted to the grieving inmate.

3. If, after receiving the CAO's decision, the inmate feels the issue is unresolved, he may appeal in writing to the Director of the Department by submitting to the ARB the Grievance Officer's report and CAO's decision within 30 days of the CAO's decision. The ARB, as the Director's designee, reviews the appeal and determines whether the inmate's grievance can be handled without the necessity of a hearing.   Other matters are scheduled for an ARB hearing involving an interview of the grieving inmate, examining relevant documents and possibly calling witness, at the ARB's discretion.  The ARB submits a written report of its findings and recommendation to the Director or Director's designee, who then reviews the report and makes a final determination on the grievance. A copy of the ARB's report and the Director's final decision is sent to the inmate who filed the grievance.  The originals of these documents are maintained in the ARB files. Department Rule 504F: Grievance Procedures for Committed Persons provided no further means for review beyond this step.

4. Certain issues may be grieved directly to the ARB, rather than first through a counselor or grievance officer.  These issues include:

    a.  Decisions involving the involuntary administration of psycho-tropic medication;

    b.  Decisions regarding protective custody placement, including continued placement in or release from protective custody;

    c.  Decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and

    d.  Other issues except personal property issues and medical issues which pertain to a facility other than the facility where the inmate is currently assigned.

5. An inmate may request a grievance be handled on an emergency basis by marking the original grievance as an emergency and forwarding the grievance directly to the CAO rather than to a counselor or Grievance Officer.  If the CAO determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance shall be handled on an emergency basis.  If the CAO declares that the grievance does not present an emergency, the inmate receives the grievance deemed not an emergency by the CAO and must resubmit his original grievance to the counselor and/or Grievance Officer for consideration through the normal grievance process as outlined in paragraph 2.  At the conclusion of that process, the inmate may appeal to the ARB as outlined in paragraph 3.

6. The grievance procedure may not be utilized for complaints regarding decisions that are outside the Department's authority such as parole decisions, clemency or orders regarding the length of sentences or decisions which have been reviewed by the Director.

7. At the request of the Attorney General's Office, I was asked to search the ARB's records in regards to inmate Jovan Cooper, #K58636. I was asked to look specifically for any grievances related to complaints against Defendants Jacob Scanlan, Philip Royster, Jason Morris, Zachary Fitzgerald, and Trenton Freeman.or any claims of excessive force or the

use of racial slurs by staff members at Menard Correctional Center ("Menard") in January 2018.

8.  The ARB does not have any record of Inmate Cooper submitting any grievances related to Jacob Scanlan, Philip Royster, Jason Morris, Zachary Fitzgerald, and Trenton Freeman or related an alleged use of excessive force during the relevant time period. In fact, the ARB records show Inmate Cooper did not submit any grievances to the ARB for review during 2018, and the only grievance he submitted for review during his incarceration at Menard was received on February 8, 2017.

Pursuant to 28 U.S.C. § 1746, I, Dave White, declare, under penalty of perjury, that the foregoing facts and information are true and accurate to the best of my knowledge, information and belief.

Executed this 22 day of June, 2020.

Dave White