IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOVAN COOPER, #K58636,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.        ) | Case No. 19-cv-757 RJD |
| ) | |
| **ZACHARY FITZGERALD, TRENTON** ) | |
| **FREEMAN, JASON MORRIS, PHILIP** ) | |
| **ROYSTER, and JACOB SCANLAN,** ) | |
| ) | |
| **Defendants.** | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Fitzgerald, Freeman, Morris, Royster, and Scanlan and Supporting Memorandum of Law (Docs. 28 and 29). Plaintiff filed a Response (Doc. 32). For the reasons stated below, Defendants' Motion is GRANTED.

**Background**

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 U.S.C. 1983, alleging that his Eighth and Fourteenth Amendments rights were violated at Menard Correctional Center when correctional officers used excessive force and made racial slurs against him on January 19, 2018. Defendants filed the instant motion, contending that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Defendants requested Plaintiff's grievance records from Menard Correctional Center ("Menard') and the Administrative Review Board ("ARB"). According to an Affidavit by Kelly Pierce (Grievance Officer at Menard), there is no record that reflects Plaintiff submitted a grievance at

Menard from January 2018 through May 2019 related to an assault.[1] Ms. Pierce avers that the only grievance Plaintiff submitted during that time period related to a cell door. According to an Affidavit by Dave White (Chairperson of the ARB), the ARB received no grievances from Plaintiff in 2018. Plaintiff contends that he submitted grievances to Menard that were destroyed. He further contends that he sent grievances related to the January 19, 2018 incident to the ARB but never received a response.

## *Pavey* Hearing

On August 13, 2020, the Court held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Plaintiff testified that he wrote "many grievances" regarding the issues in his lawsuit "all the way up to Springfield" and never received a response. He believes that staff at Menard destroys grievances. He noted that he has submitted grievances on other topics during his incarceration, so there was no reason why he would not have written a grievance regarding the January 19, 2018 incident. Plaintiff could not recall when he submitted grievances to his counselor, the grievance officer, or the ARB related to this lawsuit.

## Legal Standards

**Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material

---

[1] In May 2019, Plaintiff transferred from Menard to Pinckneyville Correctional Center.

fact.  *Celotex*, 477 U.S. at 323.  Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).  In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies."  *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."  *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  "[A]ll dismissals under § 1997e(a) should be without prejudice."  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably

feasible under the circumstances." *Id*. §504.830(e).   The CAO then advises the inmate of a decision on the grievance.   *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision.   *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).   The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.   20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer.   *Id.* § 504.840.   If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender.   *Id.*   Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.   *Id.* at § 504.870.

## Discussion

Based on the evidence in the record and arguments of the parties, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff testified generally that he submitted grievances to Menard, but Menard destroyed those grievances. Plaintiff claims the destruction of grievances occurs frequently at Menard. The Court does not find Plaintiff's testimony to be credible. Plaintiff's own cumulative counseling summary reflects that he submitted approximately five grievances from August-December 2017 that were recorded and acted upon by

Plaintiff's counselor at Menard.

Moreover, Plaintiff also claims that he submitted grievances to the ARB that were related to this lawsuit. The ARB records reflect grievances submitted by Plaintiff in 2017 and 2019, but none were submitted in 2018 and none of the 2019 grievances were related to the alleged incident on January 19, 2018. For Plaintiff's testimony regarding his submission of grievances to Menard and the ARB to be plausible, the Court must infer that staff at both Menard and the ARB either destroyed or discarded Plaintiff's grievances. The Court does not believe such an inference is reasonable in light of the evidence. Significantly, Plaintiff could not provide the Court with any approximate dates for when he purportedly submitted these grievances to Menard and the ARB.

## Conclusion

For the reasons set forth above, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Scanlon, Morris, Freeman, Fitzgerald, and Royster is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   September 4, 2020**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**